UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. JOHNSTON,<br><br>        Plaintiff,<br><br>vs.<br><br>ROBERT DOOLEY, WARDEN, MIKE DURFEE STATE PRISON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND DENNIS KAEMINGK, SECRETARY OF CORRECTIONS FOR THE STATE OF SOUTH DAKOTA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>        Defendants. | 4:15-CV-04125-LLP<br><br><br>ORDER FOR FURTHER CLARIFICATION |

**INTRODUCTION**

This matter is before the court on plaintiff David H. Johnston's *pro se* complaint pursuant to 42 U.S.C. § 1983. See Docket No. 1. Mr. Johnston has been granted in forma pauperis status and has paid his initial partial filing fee.

The Court is required to "screen" this case pursuant to 28 U.S.C. § 1915. However, on the present state of Mr. Johnston's complaint, certain information is lacking to enable the court to conduct screening.

All 14 of the claims asserted by Mr. Johnston in his complaint assert that defendant's actions and omissions violate Mr. Johnston's right of access to the courts. Prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977), overruled in part Lewis v. Casey,

518 U.S. 343, 354 (1996).[1]  This includes the right by prisoners to pursue direct appeals of their convictions, to seek habeas relief, and to file civil rights actions.  Id. at 821-23.  This right imposes an obligation on prison authorities to provide indigent inmates with paper and pen to draft legal documents, notary services, and stamps to mail court documents.  Id. at 824-25.  Prisoners, no less than lawyers, must also "know what the law is in order to determine whether a colorable claim exists, and if so, what facts are necessary to state a cause of action."  Id. at 825.  Thus, the right of access to the courts may be protected where prison officials either provide prisoners with adequate law libraries, or provide them with assistance from persons trained in the law—although other methods might also pass constitutional muster.  Id. at 828.  See also Lewis, 518 U.S. at 351.

    A prisoner asserting a claim of violation of his or her right of access to the courts must establish an "actual injury" in order to prevail on a § 1983 claim premised on that right.  Lewis, 518 U.S. at 351-52; Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001) (citing Klinger v. Dept. of Corrections, 107 F.3d 609, 617 (8th Cir. 1997)).  "Actual injury" means "that a nonfrivolous legal claim had been frustrated or was being impeded" by defendants' failure to maintain an adequate law library or to provide adequate legal assistance.  Lewis, 518 U.S. at 352-53; Moore, 266 F.3d at 933 (quoting Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998)).

---

[1] The Lewis Court overruled statements in Bounds that suggested that the right of access to the courts required states to enable prisoners to *discover* grievances and to *litigate effectively* once in court.  Lewis, 518 U.S. at 354.

It is the "actual injury" component of Mr. Johnston's claims that the court cannot assess on the present record. For "actual injury," Mr. Johnston asserts the same identical facts in each of his 14 claims:

> Injury: Turned down for appeal due to outdated information, turned down motion to vacate because it was improperly filed due to out dated law books, and 1983 on law library was dismissed because Plaintiff did not have a copy of the [Prison Litigation Reform Act] 42 [U.S.C.] § 1996e, 1983 dismissed because Plaintiff did not have 28 U.S.C. [§] 1915 to inform him of qualified immunity.

See Docket No. 1 at pp. 6-19, at ¶ 4 on each page.

This court is aware of two prior § 1983 actions Mr. Johnston filed in this court: Johnston v. Dooley, 4:14-cv-04125 (D.S.D.) (alleging denial of access to the courts) and Johnston v. Dooley, 4:14-cv-04182 (D.S.D.) (seeking damages for allegedly illegal detention). The court is not able to discern whether the above-recited paragraph 4 in each claim of Mr. Johnston's present complaint refer only to these two prior lawsuits, or whether there are other lawsuits of which the court is not aware to which Mr. Johnson is referring.

Accordingly, it is hereby

ORDERED that plaintiff David H. Johnston shall, within 14 days of the date of this order, file with the court an additional statement for each of his 14 claims in his complaint:

1. explaining what lawsuit or lawsuits he contends were interfered with or frustrated by defendants' alleged denial of access to the courts described in that claim;

    2.    how each lawsuit or lawsuits associated with that particular claim were interfered with or frustrated by defendants; and

    3.    identifying the lawsuit frustrated or interfered with by stating

        a.    the name of the plaintiff in the suit,

        b.    the name(s) of the defendant,

        c.    the case number, and

        d.    the name of the court where the case was filed.

For Mr. Johnston's convenience, the court has enclosed a fill-in-the-blank form which Mr. Johnston may use if he wishes to comply with the court's order. Otherwise, Mr. Johnston may draft his own response.

DATED this 7th day of October, 2015.

BY THE COURT:

*(signature)*
VERONICA L. DUFFY
United States Magistrate Judge