UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID H. JOHNSTON,<br><br>    Plaintiff,<br><br><br>  vs.<br><br>ROBERT DOOLEY, WARDEN, MIKE DURFEE STATE PRISON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND DENNIS KAEMINGK, SECRETARY OF CORRECTIONS FOR THE STATE OF SOUTH DAKOTA, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>    Defendants. | 4:15-CV-04125-LLP<br><br><br>ORDER ON MOTION FOR PROTECTIVE ORDER<br><br>DOCKET NO. 34 |

| | |
|---|---|
| MICHAEL READD,<br><br>    Plaintiff,<br><br><br>  vs.<br><br>ROBERT DOOLEY, WARDEN MIKE DURFEE STATE PRISON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; AND DENNIS KAEMINGK, SOUTH DAKOTA SECRETARY OF CORRECTIONS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES;<br><br>    Defendants. | 4:15-CV-04127-LLP<br><br><br>ORDER ON SECOND MOTION FOR PROTECTIVE ORDER<br><br>DOCKET NO. 47 |

## INTRODUCTION

This matter is before the court on the *pro se* complaints of David H. Johnston and Michael Readd pursuant to 42 U.S.C. § 1983.  By previous order of this court, both Mr. Johnston and Mr. Readd's cases have been consolidated.  Defendants have filed a motion asking the court to stay all discovery herein until defendants can file a dispositive motion on their assertion of qualified immunity.  Mr. Readd objects to the motion. Mr. Johnston filed a response in opposition as well as a motion to strike defendants' motion.  The district court, the Honorable Lawrence L. Piersol, referred these motions to this magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A).

## BACKGROUND

Both Mr. Johnston and Mr. Readd filed nearly identical complaints with this court on July 16, 2015.  Both complaints name the same defendants. Both complaints complain of conditions at the Mike Durfee State Prison at Springfield, South Dakota.  The complaints of both Mr. Johnston and Mr. Readd relate to the availability of legal resources and other related matters such as access to the Internet.  Both men rely on the same constitutional provisions in support of their nearly-identical claims.

## DISCUSSION

In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Johnston and Mr. Readd must show (1) defendants acted under color or state law and (2) " 'the alleged wrongful conduct deprived them of a

constitutionally protected federal right.' " <u>Zutz v. Nelson</u>, 601 F.3d 842, 848 (8th Cir. 2010) (quoting <u>Schmidt v. City of Bella Villa</u>, 557 F.3d 564, 571 (8th Cir. 2009)).

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit, not just a defense to liability at trial. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). Therefore, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." <u>Hunter v. Bryant</u>, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the <u>Saucier</u> prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly

incompetent or those who knowingly violate the law.' " Stanton v. Sims, ___ U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). " 'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " Stanton, 134 S. Ct. at 5.  " 'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818).  Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id.  Even then, the Court has pointed out that FED. R. CIV. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id.  Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence.  Id.

Here, defendants have asserted the affirmative defense of qualified immunity.  The court cannot say, based on the record before it, that such

assertion of qualified immunity is frivolous or without basis in law or fact. Accordingly, based on the above law, the court hereby

ORDERS that defendants' motion for protective order [Docket Nos. 34 & 47] is granted.  Defendants shall file their motion based on the qualified immunity defense as soon as possible, but no later than November 3, 2016.  It is further

ORDERED that Mr. Johnston's motion to strike [Docket No. 37] is denied.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a). Failure to file timely objections will result in the waiver of the right to appeal matters not raised in the objections.  Id.  Objections must be timely and specific in order to require review by the district court.

DATED this 9th day of August, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge